UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

```
UNITED STATES OF AMERICA,      ) DOCKET NO. 3:15-cr-34
                               )
            vs.                )
                               )
JESMENE LOCKHART,              )
                               )
            Defendant.         )
_____)
```

EXCERPT OF PROCEEDINGS
TRANSCRIPT OF CLOSING ARGUMENTS
BEFORE THE HONORABLE ROBERT J. CONRAD, JR
UNITED STATES DISTRICT COURT JUDGE
JUNE 15, 2020


APPEARANCES:

On Behalf of the Government:

    STEPHANIE SPAUGH, ESQ.,
    DAVID KELLY, ESQ.,
    Assistant United States Attorney
    227 West Trade Street, Suite 1700
    Charlotte, North Carolina 28202


On Behalf of the Defendant:

    ANTHONY MARTINEZ, ESQ.,
    TAYLOR GOODNIGHT, ESQ.,
    Federal Public Defenders
    Western District of North Carolina
    129 West Trade Street, Suite 300
    Charlotte, North Carolina 28202




LAURA ANDERSEN, RMR
Official Court Reporter
United States District Court
Charlotte, North Carolina

# I N D E X

CLOSING ARGUMENTS:

The Government's Closing ........................3
The Defendant's Closing ........................14
The Government's Rebuttal Closing ..............16

* * * * * *

1              P R O C E E D I N G S

2    <u>MONDAY, JUNE 15, 2020 at 3:18 p.m.</u>:

3              (Prior proceedings were not requested at this time.)

4              THE COURT:  Members of the jury, you have now heard

5    the general instructions of the Court.  It is now time for the

6    attorneys to make their closing.  Is the government ready to

7    do that?

8              MS. SPAUGH:  Yes, Your Honor.  Thank you.

9              The defendant wasn't convicted of just one or two

10   felonies.  He was convicted of ten; ten felonies.  Because of

11   that he's not allowed to have a gun, and he wasn't allowed to

12   have one on September 27, 2014.

13             In a few minutes Judge Conrad is going to instruct

14   you on the law, and it will be your job to decide what the

15   facts are from the evidence and then apply the law as the

16   Judge gives it to you.

17             So why do you have to follow the law that the Judge

18   gives you?  So that everyone charged with the same crime has

19   the same law applied and everyone gets a fair trial, which is

20   exactly why we are here today; because the defendant has a

21   constitutional right to a trial.

22             So I first want to talk to you about what happens,

23   and then we'll go through how the evidence fits in with the

24   law.

25             So we have to start by looking at September 7, 2006.

1    Back then the defendant pleaded guilty to six counts of
2    robbery with a dangerous weapon, and four counts of conspiracy
3    to commit robbery with a dangerous weapon.  He was sentenced
4    to 38 to 55 months in one judgment, to be followed by another
5    38 to 55 months in a second judgment.  These are all
6    Mecklenburg County Superior Court state convictions.  He
7    actually went to prison from 2006 to 2011.  Then just a few
8    years later we get to September 27, 2014.
9            Officer Bodenstein and Collins get a 911 call about
10   a suspicious vehicle.  Around 10:30 that night they respond,
11   find the defendant sitting in a car with a female.  He was in
12   the driver's seat.  When he goes to hand his ID to the
13   officer, he's reaching down by the floor with his left hand.
14   So the officer looks down and tries to see what's going on,
15   and he sees a magazine sticking out of this gun, he said about
16   8 to 10 inches.  He gets the defendant out.  He goes back to
17   the floorboard and picks up this gun.  It's got a 30-round
18   magazine, one in the chamber ready to go.  He then keeps
19   searching the area and he finds another ten-round magazine in
20   the driver's side door pocket.
21           When he puts the defendant in his car, he apologizes
22   and says that he was just trying to move it under the seat to
23   hide it.
24           So based on these facts, this is the charge before
25   you today.  Now we'll get to this more in a minute, but the

1  shorthand for it is possession of a firearm by felon.

2          The four elements that the government must prove to

3  you beyond a reasonable doubt are:

4          First, that the defendant had been convicted in any

5  court of a crime punishable by imprisonment for a term

6  exceeding one year.  I know that's a long phrase but that's

7  the definition of a felony.

8          Second, that the defendant knew he had been so

9  convicted.

10          Third, that after that conviction he knowingly

11  possessed a firearm.

12          Last, that he possessed -- his possession of this

13  firearm was in or affecting interstate or foreign commerce.

14          Now that last element, element four, we have

15  stipulated to it.  I will show you that in a minute.  But that

16  means that we all agree.  There's no dispute about that.  You

17  don't really need to spend any time on that one.  Let's go

18  through these one by one.

19          First, that the defendant had been convicted of a

20  crime punishable by more than a year in prison.  That's a lot

21  of words, but that is what we mean.  When you hear "felony,"

22  that's what we're talking about, a crime punishable by more

23  than a year in prison.  So when you hear "felon," it means a

24  person convicted of a crime punishable by more than a year in

25  prison.

1    So how do we know he was?  Well, he told you that's

2  him.  His signature is messed up.  That's his picture on one

3  of the court documents.  And here is his first judgment from

4  that state court conviction that we've all been talking about.

5    So you will see two of these.  The first one, the

6  case number is in the top right corner ends in 460.  It says,

7  "Active Punishment for Felony."  The defendant's name and

8  information.  Then it tells you what he pled guilty to, two

9  counts of robbery with a dangerous weapon, and three counts of

10  conspiracy to commit armed robbery.  It goes on to list the

11  offense dates of March 16th, March 14, 2005.  The general

12  statute, felony/misdemeanor, class of felony.  And then he was

13  actually sentenced for a minimum term of 38 months

14  imprisonment to a maximum term of 55 months imprisonment in

15  the custody of the North Carolina Department of Corrections.

16    You will see that there are five charges listed

17  there, but this is one judgment.  It means that these five

18  charges got consolidated under one case number.  So he was

19  convicted of all of those.  He pled guilty to all five, but he

20  gets one sentence for those five.

21    Here is the next count.  This case ends in 461.

22  Again, the defendant's information says "Active Punishment for

23  Felony."  Then we have four more robbery with a dangerous

24  weapon convictions and one more conspiracy to commit armed

25  robbery.  Those dates are March 9, 2005, March 14, 2005 and

1    March 16, 2005.  And again, the statute, felony/misdemeanor

2    class of felony.  Now the judgment for that says, "The Court,

3    having considered evidence, ordered that the defendant be

4    imprisoned for a minimum term of 38 months to a maximum term

5    of 55 months," again, in the Department of Corrections.  And

6    that this sentence would begin at the expiration of the other

7    sentence in 460.  So that means he got back-to-back sentences,

8    38 to 55 months followed by 38 to 55 months.

9            The second element, that he knew he had been so

10   convicted of a crime punishable by more than a year in prison.

11   That's the question here.  This is really the only thing

12   that's in dispute.

13           So this is page 2 of our Exhibit 2.  I know I'm kind

14   of hitting the highlights here, but they are all in evidence.

15   So you all, if you want to look through every word or look at

16   them again, you can do that while you are deliberating.

17           So this says that the defendant, on

18   September 23, 2006, was committed to the North Carolina

19   Department of Public Safety for these counts.  And then he got

20   out on post-release supervision on October 2, 2011.

21           This has the same charges, it's about three years

22   and two months, and four years and seven months for each

23   different judgment.

24           2011 he gets out of prison.  That is the best

25   evidence that he knew he'd been convicted of a crime

1  punishable by more than a year in prison.  Because he was
2  actually punished by more than a year in prison.  Of course he
3  knew that.  He went to prison.  He admitted that.  He
4  remembers that.  But moreover, on top of that, we have his
5  transcript of plea from when he pled guilty to those ten
6  felonies.  So let's look at that.
7          It starts off by saying:  "The undersigned Judge,
8  having addressed the defendant personally in open court, finds
9  that the defendant was duly sworn or affirmed, entered a plea
10  of guilty, and offered the following answers to the questions
11  set out below.
12          "Are you able to hear and understand me?  Yes."
13          So this is clearly something that that Judge read to
14  him out loud as he answered under oath that day.
15          "Have the charges been explained to you by your
16  lawyer, and do you understand the nature of the charges, and
17  do you understand every element of each charge?  Yes."
18          "Do you understand you are pleading guilty?  Yes."
19          "Do you personally plead guilty?  Yes."
20          "Are you in fact guilty?  Yes."
21          Let's move on to number 15.
22          "Have you agreed to plead guilty as part of a plea
23  agreement?  Yes."
24          Then his plea agreement is detailed here.  He's
25  pleading guilty as charged.  Type of felony, six robberies

1  with a dangerous weapon; four counts of conspiracy; the cases

2  will be consolidated or grouped into two judgments.  He

3  received an active sentence -- which means prison -- of 38 to

4  55 months on each count.  The sentences are running

5  consecutively -- that means back to back -- for a total

6  commitment of 76 months to 110 months.

7           So this is something the Judge told him and warned

8  him about all of this when he was pleading guilty.

9           Then it goes on to say the maximum possible

10  punishment for each of those charges.  So you will see here on

11  the right, 98 months, 98 months goes on to 229 months.  The

12  bottom total maximum.  So he's told all this by the judge that

13  day.

14           Then it ends:  "Do you enter this plea of your own

15  free will, fully understanding what you are doing?  Yes."

16           "Do you agree that there are facts to support your

17  plea?  Yes."

18           "Do you have any questions about what has just been

19  said to you or anything else connected to your case?  No."

20           Then there is the acknowledgment by him which is

21  signed under oath.  "I have read or heard all of these

22  questions and understand them.  The answers shown are the ones

23  I gave in open court and they are true and accurate.  No one

24  has told me to give false answers in order to have the Court

25  accept my plea in this case.  The terms and conditions of the

1  plea as stated within this transcript, if any, are accurate."
2  Then his attorney signs it.

3          So he didn't just roll into court and answer "Yes"
4  to whatever was asked.  The Judge went through this with him
5  under oath.  This is even more evidence that he knew exactly
6  what he was convicted of and he knew it was punishable by more
7  than a year before he was punished, and then he was actually
8  punished to more than a year in prison.

9          It is beyond belief to think that anyone can be
10 convicted of ten crimes related to armed robbery, go to prison
11 for five years, answer these questions to a Judge, and then
12 three years later not know that they had been convicted of
13 crimes punishable by more than a year in prison.

14         The third element, that the defendant knowingly
15 possessed a firearm.  Basically, it means that it was
16 voluntary, intentional.

17         There's two types of possession the Judge will tell
18 you about, actual and constructive.  Like the car keys are on
19 your person, that's actual possession.  They're in your bag in
20 another room, it's constructive.

21         Here, we know the defendant possessed this firearm
22 because he told you he possessed it.  He told you why he
23 possessed it.  He told you he was reaching for it to hide it
24 under the seat.  So there is really no doubt here that he
25 possessed that firearm, because he knew it was there and he

1  intended to control what happened to it because he wanted to

2  hide it.

3        The last element is that his possession of this

4  firearm was in or affecting interstate or foreign commerce.

5  And you'll see Government's Exhibit 5, which again you can

6  pull up in the back if you want to, but we all agree to this

7  element.  There is really no dispute over it.  We agreed that

8  that Glock-26 9-millimeter pistol is a firearm, and it meets

9  the definition of that, and that it was shipped or transported

10 in interstate commerce which means, basically, it moved across

11 state lines before the defendant had it on September 27, 2014.

12       So we all heard from the defendant.  So you need to

13 ask yourself what to believe if anything about what he said.

14 So when you think about the credibility of witnesses, you use

15 the same tests you do in your talking to everyone in your

16 everyday life, and you can consider why they're testifying the

17 way they did, and the reasons that they would have to do so.

18 You can also consider any inconsistencies with what they said.

19       So I would submit to you that when we look at the

20 defendant's testimony we think about his motive for saying

21 what he said.  Of course he doesn't want to be punished for

22 what he did.  He doesn't want to be punished for that gun that

23 he had.  So I would submit to you that that's a motive to

24 testify the way he did, that he didn't know about these

25 convictions that he had been punished for more than a year in

1  prison for.

2          I would also point out the inconsistencies in this

3  testimony that you heard him repeat.  He was a juvenile,

4  juvenile, juvenile, juvenile, juvenile, but he didn't answer

5  half the questions asked.  He just kept saying that he was a

6  juvenile.  He also said he didn't remember if he told the

7  officer that he was a felon because the officer asked it a

8  different way.  He said something about, Oh, he asked me about

9  whether I had been convicted of something punishable by more

10  than a year.  But then the officer told you that's not what he

11  said to him.  He asked him if he was a felon and that he said

12  "Yes."  So that's more evidence that the defendant's testimony

13  can't be believed.

14          I would also point out to you that he remembered

15  everything about his plea transcript that, you know, the basic

16  info.  We went over the questions.  He remembers that.  And

17  then the parts that were bad for him, that shows the Judge

18  warned him about what he was pleading to and the sentences, he

19  doesn't remember that all of a sudden, and he doesn't know

20  what that's about.  So it is very convenient the parts he

21  remembers, and very convenient in his testimony that he

22  thought these armed robberies were misdemeanors somehow.  The

23  fact that anyone could think armed robbery is a misdemeanor is

24  absurd.  Also point out that the question for you is not

25  whether he was quote/unquote a felon.  Or that he knew he was

a felon.  The word felon or felony doesn't matter.  All that
matters is that he knew he had been convicted of a crime
punishable by more than a year in prison.  So when you keep
hearing felon or felony think about that, the definition, a
crime punishable by more than a year in prison.

You also heard about his whole background story, you
know, about his whole life and that's fine.  But I would point
out that he said to you that he just came in and pled to ten
crimes.  His attorney didn't tell them about them, but it
looks like a pretty good plea deal.  He got two sentences for
ten robbery-related crimes.  So is that believable that he
just rolled in and pled to ten things and didn't know anything
else?  I submit to you that he reached for that gun because he
knew he couldn't have it.  He wasn't reaching for it to try
and hide it from the officer because it would be better for
him.  The best thing to do if an officer sees you with a gun
or you have a gun near officers, get as far away from it as
possible, not to reach for it and try to hide it.  That's very
risky.

These are the four things, again, the government had
to prove to you beyond a reasonable doubt.  I submit to you
that we've proven all these things.  The defendant was a
convicted felon on this day.  He had been convicted of an
applicable crime.  He knew that.  That's why he reached for
the gun and he was trying to hide it and we would ask you to

1   find him guilty.

2           THE COURT:  Mr. Martinez.

3           MR. MARTINEZ:  Thank you.

4           As I indicated to you in opening and Mr. Lockhart's

5   testimony elicited from him, you heard from him, from his

6   mouth.  It's not being made up.  He testified it's a fact that

7   when he first caught this charge he was 15-years old.  He goes

8   to a juvenile court.  That's a fact.  He goes to a juvenile

9   detention facility.  That's a fact.  At the age of 17, maybe a

10  year and a half after being in juvenile detention, he's

11  brought to another court.  At no time was he advised by a

12  judge that he was being convicted of a felony and pleading

13  guilty to a felony as an adult that would then prohibit him

14  from possessing a firearm; at no time was he advised of that.

15          I'll ask you, look at Government's Exhibit Number 2,

16  that same Plea of Transcript that government counsel just

17  reviewed with you about all these questions that were asked of

18  Mr. Lockhart.  And he said, "Yes, yes, yes, yes, yes, yes,

19  yes."  He's 17 years of age.  Not one question, "Do you

20  understand that by pleading guilty you are going to be

21  convicted of a felony?"  Not one question.  And as a result be

22  prohibited from possessing a firearm.  Not one question.  He

23  was never asked.  There's no signed document.  There's

24  nothing.  There's no record at all advising this man who came

25  in and testified under oath, "My lawyer never told me what I

1    was looking at, the consequences of my plea.  I was 17 years

2    of age.  I had no idea.  I'm in a juvenile facility.  I was in

3    juvenile court originally.  My understanding is as a

4    juvenile."

5         Government counsel makes -- says, Oh, that's absurd

6    that he would believe that an armed robbery would be a

7    misdemeanor.

8         How many 12-year old juveniles every single day in

9    juvenile court in this city plead guilty to some type of

10   violence -- robberies, burglaries, drug offenses -- but

11   they're juveniles -- not one do -- hundreds, maybe even

12   thousands throughout this state.

13        If you're a juvenile -- it is clear, everyone knows,

14   it's common sense -- and you plead guilty in a court that is

15   not adult court, that can't be held against you; everyone

16   knows that.  In this case that was his understanding, and the

17   government has to prove beyond a reasonable doubt that he in

18   fact knew he was convicted -- a convicted felon; knew.

19        What -- what evidence -- what did they produce that

20   clearly proves beyond a doubt, beyond any reasonable doubt

21   that this man sitting in front of us right here clearly knew

22   he was a convicted felon?  Zero.  Nothing.

23        What they want to do is throw up the fact that look

24   at all these convictions he had when he was 17 years of age;

25   common sense, anybody would know that you're a convicted

felon.  But where's the record?  Where's the record?  Show

me -- show me one document showing that; not one.

           We're in agreement about the possession of firearm.

There's no question Mr. Lockhart had possession of a firearm.

There's no question he was cooperative.  Was there anything in

his actions -- other than trying to reach and move the firearm

because he felt he was -- as a black male, having a gun and a

police officer come to you is not a good idea -- other than

that.

           Officers -- both officers; very credible,

cooperative, apologized to the officer that I moved or

attempted to move.  I was just trying to move the firearm, not

trying to grab it.  Apologized.  They both said he was

cooperative, stopped the vehicle, came out of the vehicle.  Is

that indicia evidence of guilt?

           There's clearly a doubt, a reasonable doubt.

Because there's absolutely nothing concrete in the record, and

Mr. Lockhart testified that he had no knowledge of being a

convicted felon in possession of a firearm.  Thank you.

           THE COURT:  Rebuttal, please.

           MS. SPAUGH:  Just briefly, Your Honor.

           THE COURT:  You have two minutes.

           MS. SPAUGH:  Thank you.

           I'm just going again ask you guys to listen to the

instructions when His Honor gives them to you.  He's going to

1  tell you the law.  He's not going to tell you that we had to

2  prove that it was an adult conviction or a juvenile conviction

3  and that the defendant knew it was an adult conviction.

4  That's not an element.  He's not going to tell you that the

5  defendant knew it was a quote/unquote called a felony, because

6  that's also not an element.

7           I'm asking you just to use your common sense.  No

8  one is saying that he had to know all the laws and know what

9  he did was against the law.  That's not the requirement here.

10  We're only saying that those four things I showed you, those

11  four elements are what have to be proven.

12           So I am going to ask you to use your common sense,

13  the best thing you brought here today.  You can make

14  inferences from the evidence you've seen when you evaluate it.

15  I'm going to ask you to find him guilty.

16              (That concludes the portion requested at this time.)

17                        *  *  *  *  *  *

18

19

20

21

22

23

24

25

1  UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF NORTH CAROLINA
2  CERTIFICATE OF OFFICIAL REPORTER

3          I, Laura Andersen, Federal Official Court Reporter,

4  in and for the United States District Court for the Western

5  District of North Carolina, do hereby certify that pursuant to

6  Section 753, Title 28, United States Code that the foregoing

7  is a true and correct transcript of the stenographically

8  reported proceedings held in the above-entitled matter and

9  that the transcript page format is in conformance with the

10 regulations of the Judicial Conference of the United States.

11
          Dated this the 4th day of February 2021.
12

13
                    S/Laura Andersen
14                  Laura Andersen, RMR
                    Federal Official Court Reporter
15

16

17

18

19

20

21

22

23

24

25